UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-20121-JLK

WARRIOR TRADING, INC.,
a Delaware corporation; and
ROSS CAMERON, an individual

  Plaintiffs,

v.

DAVID JAFFEE, an individual, together
or in concert with another unknown entity
doing business as "Best Stock Strategy,

  Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, DAVID JAFFEE ("**Defendant**"), hereby files his Answer and Affirmative Defenses to the Complaint filed by Plaintiffs, WARRIOR TRADING, INC. ("**Warrior**") and ROSS CAMERON ("**Cameron**") (collectively, "**Plaintiffs**").

## ANSWER

### PARTIES, JURISDICTION AND VENUE

1. Defendant is without knowledge as to the amount in controversy and therefore denies the allegation.

2. Defendant is without knowledge and therefore denies the allegation.

3. Defendant is without knowledge and therefore denies the allegation.

4. Defendant admits that Cameron is the principal of Warrior, but is without knowledge as to the remaining allegations, which are therefore denied.

5. Admitted.

6. Defendant denies he committed the tortious acts alleged in this action, and is without knowledge as to the remaining allegations, which are therefore denied.

7. Defendant is without knowledge and therefore denies the allegation.

8. Defendant is without knowledge and therefore denies the allegation.

9. Defendant is without knowledge and therefore denies the allegation.

10. Admitted.

11. Defendant admits that "Best Stock Strategy" is not a registered Florida company or a registered fictious name in the State of Florida. Defendant further states that "Best Stock Strategy" is not an independent corporate entity, and states that he is the only defendant in this action.

12. Defendant admits he owns a website called www.davidjaffee.com, but denies the remaining allegations.

13. Admitted.

14. Denied.

15. Defendant admits that he is the founder and head trading coach for "Best Stock Strategy" and that he derives income by trading stock options, but is without knowledge as to the remaining allegations, which are therefore denied.

16. Admitted.

17. Denied in general, and denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.

18. Denied in general, and denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.

**JEFFREY M. BERMAN, P.A.**
1722 SHERIDAN STREET NO. 225 | HOLLYWOOD, FLORIDA 33020 | OFFICE: 305.834.4150 | FAX: 305.832.0145

19(a)-(0).   Denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.  Defendant further denies that he intentionally published any false statements about Plaintiffs, and states that the First Video and Second Video speak for themselves.

20(a)-(v)   Denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.  Defendant further denies that he intentionally published any false statements about Plaintiffs, and states that the First Video and Second Video, and the comments sections thereto, speak for themselves.

21.   Denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.  Defendant further denies that he has made any actionable derogatory statements about Plaintiffs.

22.   Denied.

23.   Denied.

24.   Denied in general, and denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.

25.   Denied in general, and denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.

26.   Defendant admits that Plaintiffs demanded that Defendant remove certain statements from Defendant's YouTube channel and elsewhere but denies that he made any false statements regarding Plaintiffs, denies these allegations because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.  Defendant denies the remaining allegations.

27.   Defendant is without knowledge and therefore denies the allegation.

3

## COUNT I
## DEFAMATION PER SE

28. Defendant reasserts and realleges his answers to paragraphs 1 through 27 above as though expressly restated herein.

29. Denied in general, and denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.

30. Denied in general, and denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.

31. Denied in general, and denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.

32. Denied in general, and denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.

33. Denied in general, and denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.

## COUNT II
## DEFAMATION

34. Defendant reasserts and realleges his answers to paragraphs 1 through 27 above as though expressly restated herein.

35. Denied in general, and denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.

36. Denied in general, and denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.

37. Denied in general, and denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.

38. Denied in general, and denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.

### COUNT III
### VIOLATION OF THE FLORIDA DECEPTIVE
### AND UNFAIR TRADE PRACTICES ACT

39. Defendant reasserts and realleges his answers to paragraphs 1 through 27 above as though expressly restated herein.

40. Plaintiff states a legal conclusion to which no response is required.

41. Defendant is without knowledge and therefore denies the allegation.

42. Denied in general, and denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.

43. Denied in general, and denied because Plaintiff improperly alleges "Defendants," and Defendant is the only defendant in this action.

### AFFIRMATIVE DEFENSES

1. As his first affirmative defense, Defendant asserts that Plaintiffs fail to state any valid cause of action upon which relief may be granted.

2. As his second affirmative defense, Defendant asserts that Plaintiffs' claims fail because to the extent Defendant made or published any statements regarding Plaintiffs, such statements were true and/or substantially true and thus not actionable.  This is supported by the fact that, among other things, there are volumes of negative posts regarding Plaintiffs which are publicly available, such as those found at http://www.scamion.com/warrior-trading-f2, which state things like: (i) "Ross Cameron is a fraud who will end up in prison."; (ii) ALL positive reviews are fake from affiliates and students."; and (iii)"TRUSTPILOT IS A SCAM. As a test, leave [Cameron] a bad review on Trustpilot, within ~10 minutes, he'll flag the review and then automatically write ~3-4 5 star reviews from 'verified purchases.'  Moreover, Plaintiffs own and

5

operate numerous review websites that are all contained on the same server that contain "fake" reviews of Plaintiffs' services, such as:

www.warriortradingscam.com;

www.warriortrading.reviews.com;

www.warriortradingreviews.com;

www.warriortradingreviews.org;

www.warriortradingfutures.com.

3. As his third affirmative defense, Defendant asserts that Plaintiffs' claims fail because to the extent Defendant made or published any statements regarding Plaintiffs such statements were merely a statement of opinion. This is because, among other things, there are volumes of other similar statements regarding Plaintiffs not attributable to Defendant which are publicly available such that the public reading Defendant's alleged statements regarding Plaintiff would know they constitute opinion.

4. As his fourth affirmative defense, Defendant asserts that Plaintiffs' claims are barred by Florida's anti-SLAPP (Strategic Lawsuits Against Public Participation) statute, Fla. Stat. § 768.295, because this action chills free speech in connection with a public issue. Among other things, this is supported by the fact that Plaintiffs recently had a defamation case dismissed because they were found to have violated California's anti-SLAPP laws, rules or regulations in Case No.: YOSU-CVCV-2017-1538-1. This is further supported by various YouTube posts available at www.youtube.com/watch?v=e7-tqn07H8s which state, among other things: (i) "Honestly its sad warrior trading could use the complaints and bad comments in a good way and improve their service instead they just delete and ignore."; (ii) "Not a lot of bad reviews because when someone does an in depth review showing [Cameron] is a scammer he sends them cease and desist letters threatening to sue them if they don't modify it."); and (iii) "I heard he sends

6

a lot of cease and desists, to everyone that in itself makes him seem like he is hiding something."). This is further supported by the fact that in violation of the Consumer Review Fairness Act, 15 U.S.C. § 45b, the disclaimers posted on Plaintiffs' website prohibit anyone from "post[ing] or mak[ing] any defamatory, disparaging or false statements, claims or allegations related to the Site, Warrior Trading, or any other product or service of Warrior Trading (including but not limited to posts on social media, comments in chat, or bad or harmful reviews), (available at www.warriortrading.com/disclaimer/).

5. As his fifth affirmative defense, Defendant asserts that Plaintiffs are estopped from bringing their claims against Defendant by virtue of, among other things, the false statements contained on Plaintiffs' own website regarding Cameron's background as an architect in New York (which is false), the statements on Plaintiffs' own website in violation of the Consumer Review Fairness Act, 15 U.S.C. § 45b, and the disclaimers contained on Plaintiffs' website which expressly admit to using "simulated" or "hypothetical" results.

6. As his sixth affirmative defense, Defendant asserts that Plaintiffs have waived their claims against Defendant by virtue of, among other things, the false statements contained on Plaintiffs' own website regarding Cameron's background as an architect in New York (which is false), the statements on Plaintiffs' own website in violation of the Consumer Review Fairness Act, 15 U.S.C. § 45b, and the disclaimers contained on Plaintiffs' website which expressly admit to using "simulated" or "hypothetical" results.

7. As his seventh affirmative defense, Defendant asserts that Plaintiffs' claims fail because to the extent Defendant made or published any statements regarding Plaintiffs Defendant had a qualified privilege to make or publish such statements because he had a moral, legal, or social duty to make such statements known to the investing public and that audience had a correlating interest in hearing such statements.

7

**JEFFREY M. BERMAN, P.A.**
1722 Sheridan Street No. 225 | Hollywood, Florida 33020 | Office: 305.834.4150 | Fax: 305.832.0145

8. As his eighth affirmative defense, Defendant asserts that Plaintiffs' claims fail because to the extent Defendant made or published any statements regarding Plaintiffs such statements were fair comment on matters of public importance or public concern, as those terms are defined under Florida law within the context of the First Amendment.

9. As his ninth affirmative defense, Defendant asserts that Plaintiffs' claims fail because to the extent Defendant made or published any statements regarding Plaintiffs such statements concerned a limited public figure (Cameron) and were made with a lack of subjective belief that they contained false or defamatory content and/or were made with objectively reasonable grounds to believe such statements did not violate any applicable laws.

10. As his tenth affirmative defense, Defendant asserts that Plaintiffs' claims fail because to the extent Defendant made or published any statements regarding Plaintiffs such statements were adequately investigated prior to being made or published, and were based upon sources known to be reliable or known to be unbiased.

11. As his eleventh affirmative defense, Defendant asserts that Plaintiffs' claim in Count III fails because to the extent Defendant made or published any statements regarding Plaintiffs such statements are not objectively misleading or deceptive to a reasonable person under the same circumstances because there are multiple sources unrelated to Defendant that undermine the authenticity and reliability of Plaintiffs' methods and success rate (such as www.suretrader.com which states things like: (i) "There is no audited evidence of [Plaintiffs'] trading prowess…."; (ii) "Therefore Warrior Trading, as a concept, might look attractive, but in terms of authenticity there is a huge question mark."; and (iii) "Do Ross Cameron students actually make money? We'd like to see proof, until then we don't recommend using this service.").

**JEFFREY M. BERMAN, P.A.**
1722 SHERIDAN STREET NO. 225 | HOLLYWOOD, FLORIDA 33020 | OFFICE: 305.834.4150 | FAX: 305.832.0145

12. As his twelfth affirmative defense, Defendant asserts that Plaintiffs' claims fail because to the extent Defendant made or published any statements regarding Plaintiffs, such statements had already been publicly posted elsewhere by others and Defendant was merely calling attention to the original posts verbatim.

Respectfully Submitted,

**JEFFREY M. BERMAN, P.A.**
*Counsel for Defendant*
1722 Sheridan Street No. 225
Hollywood, Florida 33020
Tel   305.834.4150
Fax  305.832.0145

By:       *s/Jeffrey M. Berman*
                JEFFREY M. BERMAN
                Fla. Bar No. 14979
                *jeff@jmbermanlaw.com*

## CERTIFICATE OF SERVICE

**I CERTIFY** that the foregoing was served via email through CM/ECF on January 31, 2019 upon: **Marissa D. Kelley, Esq.,** mkelley@stearnsweaver.com.

By:    /s/ Jeffrey M. Berman
            Jeffrey M. Berman

9

**JEFFREY M. BERMAN, P.A.**
1722 SHERIDAN STREET NO. 225 | HOLLYWOOD, FLORIDA 33020 | OFFICE: 305.834.4150 | FAX: 305.832.0145