UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv -20121-JLK

WARRIOR TRADING, INC., a Delaware
corporation and ROSS CAMERON, an individual,

    Plaintiffs,

vs.

DAVID JAFFEE, individually, or in concert
with an unknown entity, doing
business as "Best Stock Strategy",

    Defendant.
_____/

## MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER GRANTING PRELIMINARY INJUNCTION

Plaintiffs, WARRIOR TRADING, INC. ("Warrior Trading") and ROSS CAMERON ("Cameron") move this Court for entry of an order to show cause why Defendant David Jaffee ("Jaffee") should not be held in contempt of Court for his failure to comply with this Court's Order Granting Plaintiffs' Expedited Motion for Temporary Restraining Order [D.E. 5] and Order Granting Preliminary Injunction [D.E. 13].

On January 11, 2019, this Court entered an Order Granting Plaintiffs' Expedited Motion for Temporary Restraining Order ("Order on TRO") [D.E. 5]. The Order on TRO required Jaffee immediately to:

> remove the videos on Best Stock Strategy's You-Tube channel titled, "Live Trading and Day Trading is a Scam & Fraud", published on or about November 3, 2018 ("First Video"') and video titled, "Warrior Trading SCAM & FRAUD Ross Cameron scam FAKE REVIEWS" ("Second Video"), published on or about November 7, 2018 as well as all associated comments and content. Defendant is further directed immediately to remove from YouTube or from any other public or private forum, social or other media, any and all re-publication of the First Video and Second Video, or any statements similar to those made in them.

1

To date, Jaffee has not complied with the Court's Order on TRO.

On January 23, 2019, after conducting an evidentiary hearing at which Jaffee personally appeared, this Court entered an Order Granting Plaintiffs' request for a Preliminary Injunction ("Order") [D.E. 13]. The Order directed Jaffee immediately to:

> remove completely the videos on Best Stock Strategy's YouTube channel titled, "Live Trading and Day Trading is a Scam & Fraud", published on or about November 3, 2018 ("First Video'") and video titled, "Warrior Trading SCAM & FRAUD Ross Cameron scam FAKE REVIEWS'" ("Second Video"), published on or about November 7, 2018 as well as all associated comments and content;
>
> remove from YouTube or from any other public or private forum, social or other media, any and all re-publication of the First Video and Second Video;
>
> remove from YouTube or from any other public or private forum, social or other media, any and all videos containing any statements about [Warrior Trading, Inc. and/or Ross Cameron] similar to those made in the First Video, Second Video and all associated comments and content;
>
> remove any tags, links or other searchable indicators referencing [Warrior Trading, Inc. and/or Ross Cameron] from any videos or other content in which similar defamatory statements are made, whether or not [Warrior Trading, Inc. and/or Ross Cameron] are referenced in the video titles or explicitly in the video or other content.

In addition to the above, the Order directed Jaffee:

> not to share the First Video or Second Video or any other material containing defamatory statements privately with any third party and to refrain from making statements to third parties similar to those made in the First Video, Second Video or comments;
>
> to refrain from making similar statements or comments during the course of [the Court] proceedings.

To date, Jaffee has not complied with the Court's Order.

On January 25, 2019, Plaintiffs' counsel sent Jaffee (who had not yet retained counsel), a letter via Federal Express and email, enclosing a copy of the Court's Order and referencing for Jaffee all of the content that had been enjoined. A copy of the letter is attached as Exhibit A. Neither Jaffee nor his counsel responded and Jaffee has not complied with the Order. Also on

January 25, 2019, Counsel for Plaintiff sent a similar letter to YouTube, *see* Exhibit B, enclosing the Order and identifying content that had been enjoined. On February 4, YouTube Legal Support advised that it had "restricted the content" and specifically referred to the First Video and Second Video. Indeed, it appears that the First Video and Second Video are no longer available for public view (apparently because of YouTube's actions and not because of Defendant's compliance with the Order). None of the other content that was enjoined by the Order has been removed. *See* Exhibit A. A list of content that Plaintiff has identified as still being active is attached as Exhibit C. Defendant has failed to comply with the Court's clear directive.

It is axiomatic that this Court has inherent power to enforce its own orders. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (courts have inherent contempt powers in all proceedings to "achieve the orderly and expeditious disposition of cases."); *see also Jove Engineering, Inc. v. I.R.S.*, 92 F.3d 1539 (11th Cir. 1996). In *Chambers*, the Supreme Court explained that courts possess inherent powers which "necessarily result ... from the nature of their institution ... [and] cannot be dispensed within a Court, because they are necessary to the exercise of all other[ ] [powers]." 501 U.S. at 43. Among these powers, "it is firmly established that the power to punish for contempts is inherent in all courts." *Chambers*, 501 U.S. at 44 (internal quotations omitted); *see also In re Mroz*, 65 F.3d 1567, 1575 (11th Cir.1995).

Here, Jaffee has blatantly ignored the Orders compelling him to remove videos, statements, links, content and comments from the internet regarding Plaintiffs. Accordingly, Plaintiffs moves this Court for an order to show cause why Jaffee should not be held in contempt for failing to comply with this Court's orders. In addition, Plaintiffs respectfully request a sanction award against Jaffee for reasonable fees and costs in connection with the filing and prosecution of this

motion, and for all damages caused to Plaintiffs by the continued online videos, comments, statements and content.

WHEREFORE, Plaintiffs respectfully requests that the Court enter an order: (i) granting the Motion; (ii) entering an order requiring Jaffee to show cause why he should not be held in contempt for violating the Orders; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  February 11, 2019                                Respectfully submitted,

/s/*Marissa D. Kelley*
MARISSA D. KELLEY
Florida Bar No. 379300
mkelley@stearnsweaver.com
PAUL CRUCET
Florida Bar No. 122169
pcrucet@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
*Attorneys for Plaintiffs*
200 East Las Olas Boulevard, Suite 2100
Fort Lauderdale, Florida 33301
Telephone:  (954) 462-9500
Facsimile:  (954) 462-9572

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 11, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/*Marissa D. Kelley*
MARISSA D. KELLEY

## SERVICE LIST

Jeffrey M. Berman, Esq.
jeff@jmbermanlaw.com
Jeffrey M. Berman, P.A.
1722 Sheridan Street, No. 225
Hollywood, Florida 33020
Phone: 305/834-4150
Fax: 305/832-0145
*Attorney for Defendant*