# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:19-cv-20121-JLK

WARRIOR TRADING, INC.,
a Delaware corporation; and
ROSS CAMERON, an individual

      Plaintiffs,

v.

DAVID JAFFEE, an individual, together
or in concert with another unknown entity
doing business as "Best Stock Strategy,

      Defendant.

_____/

## NOTICE OF FILING DECLARATION OF DAVID JAFFEE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE [D.E. 17]

Defendant, DAVID JAFFEE, hereby provides notice to the Court and all interested parties

of the filing of the Declaration of David Jaffee in Opposition to Plaintiffs' Motion for Order to

Show Cause [D.E. 17].  A copy of the Declaration is attached as **Exhibit "1."**

Respectfully Submitted,

**JEFFREY M. BERMAN, P.A.**
*Counsel for Defendant*
1722 Sheridan Street No. 225
Hollywood, Florida 33020
Tel   305.834.4150
Fax  305.832.0145

By: _____*s/Jeffrey M. Berman*_____
      JEFFREY M. BERMAN
      Fla. Bar No. 14979
      *jeff@jmbermanlaw.com*

## <u>CERTIFICATE OF SERVICE</u>

**I CERTIFY** that the foregoing was served via email through CM/ECF on February

13, 2019 upon: **Marissa D. Kelley, Esq.,** mkelley@stearnsweaver.com.


By:   /s/ Jeffrey M. Berman_____
             Jeffrey M. Berman

**JEFFREY M. BERMAN, P.A.**
1722 Sheridan Street No. 225 | Hollywood, Florida 33020 | Office: 305.834.4150 | Fax: 305.832.0145

# Exhibit "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-20121-JLK

WARRIOR TRADING, INC.,
a Delaware corporation; and
ROSS CAMERON, an individual

      Plaintiffs,

v.

DAVID JAFFEE, an individual, together
or in concert with another unknown entity
doing business as "Best Stock Strategy,

      Defendant.

_____/

**DECLARATION OF DAVID JAFFEE IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE [D.E. 17]**

Pursuant to 28 U.S.C. § 1746, I, David Jaffee, declare as follows:

1.    My name is David Jaffee and I am over 18 years of age.  I make this declaration voluntarily and based upon my own personal knowledge regarding the matters set forth herein.

2.    I am the founder of BestStockStrategy.com and I am Defendant in this matter.

3.    On February 11, 2019, Plaintiffs filed a Motion for Order to Show Cause Why Defendant Should Not Be Held in Contempt of Court for Failure to Comply With This Court's Order Granting Preliminary Injunction ("Motion").  [D.E. 17]

4.    The Motion erroneously claims that I "blatantly ignored" the Court's rulings in the Order Granting Preliminary Injunction dated January 23, 2019 ("Preliminary Injunction").   [D.E. 13]. This statement is false.  The Motion contains numerous other statements which are also false or intentionally misleading.  Each of these issues is addressed below, and they demonstrate why Plaintiff's Motion should be denied.

5.      The Preliminary Injunction directed that I remove the videos on Best Stock Strategy's YouTube channel titled "Live Trading and Day Trading is a Scam & Fraud" published on or about November 3, 2018 ("First Video"), and the video titled "Warrior Trading SCAM & FRAUD Ross Cameron scam FAKE REVIEWS" published on or about November 7, 2018 ("Second Video").

6.      There is no dispute the First Video and Second Video have been removed from public view, and cannot be accessed, watched or searched for by any member of the public.

7.      In fact, I personally removed the First Video and Second Video from public view at the time of the injunction hearing which took place on January 15, 2019.  Marissa D. Kelley, Esq., Plaintiffs' counsel, even confirmed in open court during the injunction hearing that these videos had been removed and were no longer publicly available.

8.      For these reasons, the Motion erroneously states: "Indeed, it appears that the First Video and Second Video are no longer available for public view (apparently because of YouTube's actions and not because of Defendant's compliance with the Order)."  Motion [D.E. 17 at 3].  This is false, since I personally removed the First Video and Second Video from public view.

9.      Since the injunction hearing, I have not re-published, disseminated or otherwise made public in any way the First Video or the Second Video.

10.      On January 25, 2019, I received a letter from Plaintiffs' counsel which attached a list of the YouTube videos that they requested to be removed pursuant to the Preliminary Injunction ("January 25th Letter").  The January 25th Letter is attached to the Motion as Exhibit "A."  [D.E. 17-1].

11.      Immediately upon receiving the January 25th Letter, I personally removed from public view every reference to Plaintiffs that was identified in the list enclosed with the January 25th Letter, and deleted any related text-based reference.

12.      In fact, just to be safe I personally removed content that merely mentioned Plaintiffs, even though that content did not contain any defamatory or negative statements regarding Plaintiffs.

13.     Despite all of this, the Motion erroneously states: "None of the other content that was enjoined by the Order has been removed[,]" and then references Exhibit "A" to the Motion (which is the January 25th Letter).  Motion [D.E. 17 at 3].  This is false because I personally removed every reference to Plaintiffs that was identified in the list enclosed with the January 25th Letter.

14.     To further demonstrate this statement in the Motion was false, the Motion then states: "A list of content that Plaintiff has identified as still being active is attached as Exhibit C."  [*Id.*].  In other words, Plaintiffs are really arguing that I violated the Preliminary Injunction by not removing the items listed on Exhibit "C" to the Motion, not the items listed on Exhibit "A" to the Motion (which is the January 25th Letter that contains a list of the items that I have already removed).

15.     However, the items listed on Exhibit "C" to the Motion are different than the items listed in connection with the January 25th Letter because Exhibit "C" contains items that were not contained in the list enclosed with the January 25th Letter.

16.     I was unaware of the items listed on Exhibit "C" to the Motion, and the items listed on Exhibit "C" to the Motion were never provided to me before Plaintiffs filed their Motion.  I am also not aware of any other public references to Plaintiffs attributable to me which are negative or defamatory.

17.     Immediately upon receiving Plaintiffs' Motion, I personally removed the references contained in Exhibit "C" to the Motion.  I would have removed them immediately if Plaintiffs had simply requested that I do so and provided me with that opportunity prior to filing their Motion.

18.     Again, for Plaintiffs to claim that I did not remove content per their request and that I "blatantly ignored" their January 25th Letter or the Preliminary Injunction is completely false.  Plaintiffs failed to include the items listed on Exhibit "C" with their January 25th Letter, and are now using those items on Exhibit "C" that were never presented to me or brought to my attention before the Motion (which I already removed) to claim that I violated the Preliminary Injunction.

19.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13th day of February 2019.

DAVID JAFFEE