UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-cv-20121-JLK

WARRIOR TRADING, INC., a
Delaware corporation, and ROSS
CAMERON, an individual,

      Plaintiffs,

v.

DAVID JAFFEE,

      Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION TO VACATE PRELIMINARY INJUNCTION**

THIS CAUSE comes before the Court upon Defendant David Jaffee's Motion to Vacate Preliminary Injunction filed April 19, 2019 (DE 36). The Court has also considered Plaintiffs' Response in Opposition (DE 37).

A district court has continuing jurisdiction over a preliminary injunction. *See Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 578 (5th Cir. 1974). In exercising that jurisdiction, the court "may make any changes in the injunction that are equitable in light of subsequent changes in the facts or the law, or for any other good reason." *Id.* The moving party has the burden to demonstrate that the preliminary injunction should be dissolved. *See United States v. Harrison Cty., Miss.*, 463 F.2d 1328, 1330 (5th Cir. 1972).

Here, the Court finds that Defendant has not carried his burden to demonstrate that the preliminary injunction in this case, which the Court entered on January 23, 2019, after

an evidentiary hearing, should be dissolved.[1] Defendant identifies no change in the law or facts of the case, nor any other changed circumstances. Instead, Defendant contends that the injunction was improperly entered because this action involves defamation claims and the law disfavors prior restraints on speech, including defamatory speech. *See* DE 36 at 2.

However, contrary to Defendant's representation that the injunction was "solely on the defamation claims," *see id.* at 2, the record reflects that the injunction was also entered on Plaintiffs' separate and independent claims under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), which expressly provides for injunctive relief. *See* Fla. Stat. § 501.211(1) (providing that an action may be brought to "enjoin a person who has violated, is violating, or is otherwise likely to violate" the statute). Indeed, in issuing the injunction, the Court found Defendant's conduct to be "clearly within the acts and practices that are prohibited by FDUTPA," including his "lying about a competitor to try to steal clients and harm and injure the competitor's business, reputation and goodwill." *See* DE 13 at 8. As such, Defendant has failed to show that the preliminary injunction should be dissolved.[2]

---

[1] The first four sections of the injunction directed Defendant to "immediately remove" the violative material from his online publications, while the fifth and sixth sections directed him to refrain from making similar statements during the course of these proceedings. *See* Order Granting Preliminary Injunction, DE 13 at 10–11.

[2] Defendant also argues that the Court should have applied Florida procedural rules rather than Federal Rule of Civil Procedure 65 regarding the issuance of a preliminary injunction and the corresponding bond requirement (DE 36 at 4–5), but that is simply incorrect under long-standing Supreme Court precedent. *Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1448 (11th Cir. 1991) (citing, *inter alia*, *Hanna v. Plumer*, 380 U.S. 460, 467 (1965)).

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion to Vacate Preliminary Injunction **(DE 36)** be, and the same hereby is, **DENIED**; and Defendant's Motion for Hearing **(DE 40)** is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 25th day of July, 2019.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:   **David Jaffee,** *pro se*
      **All counsel of record**